IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

    Plaintiff,

    v.                                                                  No. CIV 14-0206 MCA/KK

JOE WILLIAMS, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Motion For Temporary Restraining Order and a Preliminary Injunction, construed herein as a complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated and appears pro se. The Court will grant Plaintiff leave to proceed in forma pauperis and waive statutory filing fee payments under § 1915(b). For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

1

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff originally filed this complaint in a closed case, *Trujillo v. Williams*, No. CV 04-0635 MV/GBW, as a motion for injunctive relief.  The assigned Magistrate Judge in the earlier case determined that Plaintiff's motion alleged "conduct only tangentially related to his original action," and directed the Clerk to open a new case (Doc. 146).  The motion was then filed in this action and entered on the docket as a civil rights complaint.  Because Plaintiff did not intend to file a new initiating pleading, and because he had been granted leave to proceed under § 1915 in the earlier action, he will be allowed to proceed under § 1915 in the instant action.  The Court will waive filing fee payments under § 1915(b).

Plaintiff is incarcerated in a Virginia correctional facility as a transferee from New Mexico.  In his earlier action, Plaintiff won partial relief on claims that certain New Mexico officials were causing him to be denied adequate access to legal materials.  In his new complaint, he alleges that Virginia corrections officers have seized and are threatening to destroy certain of his legal materials.  He alleges that a Virginia corrections employee informed him the seizure was "at the direction of the [New Mexico] defendants as an act of retaliation" for his prior litigation activities.  He asks for an order requiring the New Mexico Defendants to direct the Virginia Department of Corrections to refrain from damaging or destroying his property.[1]

In order to state a claim for relief in a complaint, "the plaintiff must allege enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.' "  *Bryson v. Gonzales*,

---

[1] On the first page of the complaint, Plaintiff asks for an order "enjoining the . . . Virginia Department of Corrections . . . from damaging, destroying, or otherwise disposing of the Plaintiffs legal materials."  In the earlier action, this Court dismissed Plaintiff's claims against the Virginia Defendants for lack of personal jurisdiction (Doc. 8 at 3).  The Court of Appeals for the Tenth Circuit "[held] that the Virginia Defendants lack sufficient contacts with New Mexico to permit a New Mexico court to exercise personal jurisdiction over them." (Doc. 14 at 18).  In this Order, therefore, the Court considers only Plaintiff's claims against the New Mexico Defendants.

534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted).

Under the standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"), Plaintiff's allegations do not support granting relief on his retaliation claim against New Mexico Defendants. "The plaintiff must therefore allege specific facts showing that 'but for the retaliatory motive, the incidents to which he refers . . . would not have taken place.' "  *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).  "This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true.  It is just to say that relief must follow from the facts alleged."  *Bryson v. Gonzales*, 534 F.3d at 1286 (citing *Robbins v. Oklahoma*, 519 F.3d at 1247).

Here, Plaintiff's complaint is utterly devoid of "specific facts showing that . . . '[the incidents resulted from] retaliatory motive.' "  *Sherratt*, 545 F. App'x at 747.  He alleges nothing more than a single comment by a Virginia corrections employee that New Mexico Defendants were directing the actions against Plaintiff's property in retaliation for his earlier litigation.  This allegation does not give the Court "reason to believe that this plaintiff has a reasonable likelihood

of mustering factual support for these claims." *Ridge at Red Hawk v. Schneider*, 493 F.3d at 1177. Specifically, the allegation that a Virginia corrections employee informed Plaintiff of the New Mexico Defendants' announced retaliatory motive, without more, does not plausibly imply that Virginia Defendants carried out expressly retaliatory directions from the transferring state's correctional officers. Nor, ultimately, does Plaintiff's allegation lead plausibly to the inference of liability on the part of the New Mexico Defendants. *See Iqbal*, 556 U.S. at 678. The complaint does not "compl[y] with *Iqbal*'s requirement that § 1983 liability only be imposed upon those defendants whose own individual actions cause a constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1200 (10th Cir. 2010). The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915, and filing fee payments are WAIVED;

IT IS FURTHER ORDERED that Plaintiff's Motion For Temporary Restraining Order and a Preliminary Injunction, construed as a civil rights complaint, is DISMISSED with prejudice; pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE