**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JESSE TRUJILLO,

     Plaintiff,

v.                                  No. CIV 14-0206 MCA/KK

JOE WILLIAMS, et al.,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER
DENYING RECONSIDERATION</u>

This matter is before the Court on Plaintiff's Motion for Reconsideration of Judgment (Doc. 11) filed on October 20, 2014.  Plaintiff filed the motion within twenty-eight days after entry of judgment (Docs. 9, 10) on September 29, 2014.  The Court construes the motion alternatively as a motion to alter or amend judgment under rule 59(e) and a motion for relief from judgment under rule 60(b)(1), (6) of the Federal Rules of Civil Procedure.  "We recently held that district courts 'should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion.'"  *Santistevan v. Colorado School Of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (discussing time limit in earlier version of rule 59(e)) (quoting *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005)).  Under the standards for relief under either of the two rules, the Court will deny the motion.

On September 29, 2014, the Court dismissed Plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction.  The Court had construed the motion as an original complaint alleging that Virginia corrections officers had seized Plaintiff's legal materials and threatened to destroy the property.  Plaintiff's complaint sought relief exclusively against New Mexico Defendants, on grounds that he "was informed by an employee of the VDOC that [these acts were] done 'at the direction of the [New Mexico] defendants as an act of retaliation.'"  The Court

concluded that Plaintiff's complaint failed to "allege specific facts showing that 'but for the retaliatory motive, the incidents . . . would not have taken place,' " *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)), and dismissed the complaint.

In his motion to reconsider, Plaintiff asserts that "[t]here would be no reason for the [Virginia] property officer who packed Plaintiff's property to tell him his property was seized at the direction of the [New Mexico] Defendant."   To the contrary, without implying any misrepresentation, numerous reasons for the Virginia officer's alleged statement are imaginable. More important, Plaintiff's speculation about the Virginia officer's motivation does not support a finding of "mistake [or] inadvertence," Fed. R. Civ. P. 60(b)(1), or "any other reason," Fed. R. Civ. P. 60(b)(6), to grant relief from the dismissal order.   Furthermore, and alternatively under rule 59(e), Plaintiff's assertion does not support a finding of "manifest errors of law or . . . newly discovered evidence," *Jennings v. Rivers*, 394 F.3d at 854, as a basis for relief.   The Court will deny Plaintiff's motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of Judgment (Doc. 11) filed on October 20, 2014, is DENIED.

_____
UNITED STATES DISTRICT JUDGE